■ In the Matter of the Claim of PATRICIA A. SHEA, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 18, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because she lost her employment through misconduct. Claimant was employed for approximately one year until she was discharged for a violation of her employer's rules in that she had placed items of merchandise taken from the store for which she had not paid and placed them in a bag belonging to the employer, with a claim check fixed indicating that they were her property. Upon discovery, the claimant was discharged. Claimant alleges that she intended to pay for the items, and further contends that the real reason for her discharge was a lay-off policy instituted by her employer. The established facts warrant the conclusion that the claimant violated an established policy of her employer of which she was aware. Although the claimant concedes the acts alleged by her employer, she advances reasons why she performed the acts and alleges intentions to comply with the store's regulations in regard thereto. Such allegations, while somewhat plausible, nevertheless, merely raise questions of fact and credibility which are for the board and not for this court to determine *(Matter of Lester [Catherwood]*, 30 AD2d 1025). We conclude that claimant's activities in regard to the package in question, as elicited from her own testimony, provide substantial evidence to support the board's decision and, therefore, we must affirm *(Matter of Fisher [Levine]*, 36 NY2d 146; Labor Law, § 623). Claimant's contention that

she was denied due process of law has no merit. The claimant's testimony confirms violations of the rules of the employer with which she was familiar. Hearsay evidence is admissible in hearings before the Unemployment Insurance Appeal Board (Labor Law, § 622, subd 2). Decision affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Main and Larkin, JJ., concur.