■ In the Matter of the Claim of PETER SOLANIKOW, Appellant. BERLINER & MARX, Respondent. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 12, 1977, which disqualified claimant from receiving unemployment insurance benefits. Claimant commenced work with the employer as a laborer on October 27, 1976. He worked a five-day week commencing each day at 4:00 A.M. at the unloading area. Claimant was absent from work on November 29, November 30 and December 1, 1976. Claimant did not call his employer on November 29, 1976, but contends he called on November 30, 1976, and told the operator that he was sick, but he did not speak to his supervisor. He returned to work on December 2, 1976 at 4:00 A.M. and when his supervisor became aware he was working, he discharged him at 5:30 A.M. because he absented himself from his employment without notification to the employer as required by the company rules that any employee unable to work must call his supervisor each day. Claimant knew that he had to call his employer in the event of absence from work. At the hearing, claimant testified as follows: "Q. Alright, *[sic]* now, what do you know yourself if you're going to be absent, what are you supposed to do? A. I have to call in the company. Q. You didn't call the first day, is that right? A. I called the second day. Q. Why didn't you call the first day? A. I was in doctor. Q. So what difference does that make? You started

at 4 o'clock in the morning? A. Right. Q. You can't get to the doctor at 4 o'clock in the morning. A. I go to a doctor at 9 o'clock. Q. 9 o'clock? A. Yes. Q. So from 4 o'clock until 9 o'clock why didn't you call the company? A. I don't know, sir. I no call because I think I have to go to doctor. After—after doctor, I call company, it was not too late." The employer called as a witness, Samuel Grossman, the accounting manager. He testified that an employee who called about an absence was supposed to talk directly to the supervisor which was company policy, and that he was sure claimant knew the company policy. He further testified that the reason claimant was discharged, "Well, I think the big reason, and this is my personal opinion, is the fact that he smelled of alcohol." This conclusion is based upon the fact that claimant allegedly appeared at Grossman's office about 8:15 A.M. on December 2, 1976, and acted belligerent with loud behavior. The time was corrected by the witness to 2:00 P.M. or 3:00 P.M. in the afternoon when claimant came for his check, and that claimant smelled of alcohol when the witness drew the check. Grossman testified that at the time claimant came for his check, "He was already fired, true, but if the man wasn't belligerent and smelled of alcohol, it might have worked out." It is obvious that claimant was discharged at 5:30 A.M. on December 2, 1976, and that the discharge was by reason of his conduct in failing to notify his employer of absences on the three successive days. The board has repeatedly held that under similar circumstances, a claimant should be denied unemployment benefits because he was discharged from his employment for misconduct. At the time of claimant's discharge, the evidence upon which his discharge was based constituted substantial evidence, and the board's determination of misconduct based on such substantial evidence, must be affirmed (*Matter of Markowitz [Levine],* 51 AD2d 619; *Matter of Mankowski [Levine],* 50 AD2d 962; *Matter of Patterson [Levine],* 50 AD2d 703). Decision affirmed, without costs. Greenblott, J. P., Staley, Jr., and Main, JJ., concur.

Kane and Mikoll, JJ., dissent and vote to reverse in the following memorandum by Kane, J. Kane, J. (dissenting). Claimant was employed as a loading clerk and was absent from work for three days beginning on November 29, 1976. He returned to work on December 2, 1976, but was fired shortly after beginning work that day. The referee, in sustaining the Industrial Commissioner's initial determination that claimant was disqualified from benefits because of loss of employment through misconduct, found that claimant was discharged because of his absence from work without proper notification to his employer. The referee also found that claimant knew that he was required to call his employer each day that he intended to be absent from work. While there was conflicting testimony given at the hearing as to whether claimant notified the employer of his intended absence on the second day he missed work, it is undisputed that notice was not given on either the first or third days claimant was absent. Claimant testified that he was never told that his employer should be notified each day that he would be absent from work. The only evidence in the record indicating that claimant knew of the company policy which required notice to be given each day an employee was absent came from the employer's accounting manager and was completely hearsay. While such evidence was admissible in this administrative proceeding (Labor Law, § 622, subd 2; *Matter of Shea [Ross],* 53 AD2d 945), hearsay statements standing alone cannot sustain a determination required to be supported by substantial evidence (*Matter of Luks [Levine],* 45 AD2d 801). Thus, the decision of the Unemployment Insurance Appeal Board affirming the referee's decision is

not, as a matter of law, supported by substantial evidence *(Matter of Perry [Levine],* 37 AD2d 367) and should be reversed.