OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the matter remitted to the Appellate Division with directions to remand to the Unemployment Insurance Appeal Board for determination of claimant’s eligibility pursuant to section 527 of the Labor Law, as directed by the board.
*602 There is substantial evidence in the record to support the finding of the Unemployment Insurance Appeal Board that claimant was an alcoholic. Although no medical evidence was presented, there was documentary evidence that claimant had been intoxicated at work, that he suffered from “black-outs”, and that he had been hospitalized on several occasions and for a period of 28 days in one instance in connection with his alcoholism. Evaluation reports on him indicate that his employer considered him to be an alcoholic and attempted to enlist him in various self-help programs. While claimant did not admit, when he testified, that he was an alcoholic, he did admit that he drank every day and that he had need for counseling. We cannot say, on the basis of the record before us, that the failure to present medical evidence precluded the appeal board from finding that the claimant was an alcoholic.
The appeal board, having reached the conclusion that petitioner was an alcoholic, acted within its discretion in denominating his discharge to be the result of his illness, rather than his own misconduct. (Cf. Matter of James [Levine], 34 NY2d 491.)
Thus, while the claimant is not automatically barred from qualifying for unemployment insurance benefits, the matter must be remitted to the Appellate Division with directions to remand to the Unemployment Insurance Appeal Board for determination as to claimant’s “availability for, and capability of employment” pursuant to section 527 of the Labor Law.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed, with costs, and matter remitted to the Appellate Division, Third Department, with directions to remand to the Unemployment Insurance Appeal Board for further proceedings in accordance with the memorandum herein.