■ In the Matter of the Claim of ALFRED GRAJALES, Respondent. NEW YORK TELEPHONE COMPANY, Appellant. LILLIAN ROBERTS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 12, 1980, which affirmed a decision of an Administrative Law Judge overruling the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because he lost his employment through misconduct in connection therewith. On May 23, 1980, claimant, a building servicer, appeared to his supervisor to be in an intoxicated condition and was told by the supervisor to report to the medical department. He refused to go to the medical department and instead walked off the job. When he reported to work the following week he was given a suspension and then discharged for his actions. Following negotiations with the union, claimant was reinstated as of July 31, 1980 and his period of unemployment was treated as a suspension. It is this period for which claimant seeks unemployment benefits. At a hearing, claimant testified that he told his supervisor on the day in question that he had not been drinking and he refused to go to the medical department because he felt he did not need it. He also stated that he was an alcoholic and had been involved in Alcoholics Anonymous programs. The employer's representative agreed with claimant's testimony concerning his alcoholism and stated that at one time claimant was under a medical program of the employer. The board found that claimant was an alcoholic and that alcoholism is an illness. The board also found that claimant's "behavior was due to his irrational behavior which was precipitated by his illness". It was concluded, therefore, that his behavior could not be a basis for disqualification for unemployment benefits. This appeal ensued. Although no medical evidence was presented in the instant case, we are of the opinion that there is substantial evidence to support the board's finding that claimant was an alcoholic and that the board acted within its discretion in concluding that his suspension was the result of his illness rather than his own misconduct (see *Matter of Francis [New York City Human Resources Admin.—Ross],* 56 NY2d 600). The board, however, failed to consider whether claimant was capable of working during the period in issue due to his alcoholism. In order to qualify for benefits, claimant must have been able to work and available for work while he was suspended from his employment (Labor Law, § 527). Consequently, our decision on this appeal must be withheld and the matter remitted to the board for a determination as to claimant's availability for, and capability of employment pursuant to section 527 of the Labor Law (see *Matter of Francis [New York City Human Resources Admin.—Ross], supra*). Decision withheld and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Casey, Yesawich, Jr., and Weiss, JJ., concur.