■ In the Matter of the Claim of WALTER F. WRZESINSKI, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Yesawich, Jr., J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 23, 1986, which ruled that claimant was disqualified from receiving benefits because his employment was terminated due to misconduct.

For approximately six years, claimant worked as a pharmacist for the New York Veterans' Home (the employer) in the Town of Oxford, Chenango County. In February 1985, he was reprimanded and fined because of record-keeping problems and inadequate procedures for dispensing medication. In April 1985, he again committed errors, six of them in the course of dispensing medication, and was discharged. Claimant attributed the errors to an increased workload—because the employer had changed the system used to dole out medicine, claimant and his part-time assistant were filling 800 prescriptions a day whereas in the past they had been dispensing only 1,000 prescriptions a month—and to his decreased mobility because of multiple sclerosis.

Claimant's application for unemployment insurance benefits was initially denied but, following a hearing, was allowed by an Administrative Law Judge (ALJ), who found claimant negligent or incompetent but not guilty of misconduct. The Unemployment Insurance Appeal Board reversed. Claimant appeals, charging that the Board lacked substantial evidence for its determination and that the decision was without rational basis given the Board's refusal to consider the effects of claimant's malady.

An employee discharged for misconduct is disqualified from receiving unemployment compensation (Labor Law § 593 [3]). Misconduct is a willful and wanton disregard of the employer's interest *(Matter of Fiscarelli [Ross]*, 65 AD2d 855, 856); it does not encompass negligence *(Matter of James [Levine]*, 34 NY2d 491, 496) unless the negligence continues despite repeated warnings *(see, e.g., Matter of Woods [Levine]*, 52 AD2d 696). To constitute misconduct, recurring employee negligence must be willful, not attributable to factors beyond the employee's control, such as alcoholism *(see, Matter of Francis [New York City Human Resources Admin.—Ross]*, 56 NY2d 600, 602).

Here, claimant sought to prove that his inability to perform his job satisfactorily was occasioned by the progressive degeneration of his physical mobility and ability to withstand stress due to multiple sclerosis or the interaction of an increased workload and the disease. The ALJ allowed claimant to testify that he had multiple sclerosis, but refused to hear testimony as to its impact on claimant's capacity to perform his work. It also appears from claimant's brief on this appeal that when the matter was brought before the Board, he requested, but was not afforded, a hearing on the issue of whether his decreased physical capability was indeed a major factor contributing to his errors.

We find that it was irrational for the Board not to consider medical evidence offered by one who, like claimant, ascribes his job failures to an affliction or a physical condition which may well prevent satisfactory performance *(see, Matter of Francis [New York City Human Resources Admin.—Ross]*, supra). This matter is accordingly remitted to the Board for the purpose of considering medical evidence to be offered on claimant's behalf, and such other evidence as the Board may find necessary, bearing on whether claimant's multiple sclerosis had progressed to the point that it cannot fairly be said he deliberately disregarded his employer's interests.

Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Main, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.