■ In the Matter of the Claim of Ozzie Moore, Respondent. County of Monroe, Appellant; Thomas F. Hartnett, as Commissioner of Labor, Respondent.—Harvey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 4, 1987, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant was employed by Monroe County Community Hospital (hereinafter Monroe County) from December 1981 until he resigned during termination proceedings on August 27, 1986. Monroe County had a personnel policy of dealing with unfavorable employee actions with progressive discipline. Claimant had received a counseling notice for his attendance problems on December 29, 1983 and a warning notice on January 12, 1984. In November 1985 he received a three-day suspension because of his extensive absenteeism. He was admitted to Park Ridge Employee Assistance Program in lieu of a five-day suspension in February 1986. At Park Ridge, he received aid for a perceived alcohol problem. Claimant, however, dropped out of the program. He was nevertheless al-

lowed to return to work. His absenteeism continued with virtually all the missed days occurring on the weekend days which he was scheduled to work. In July 1986, claimant received a 10-day suspension and, in August 1987, the termination proceedings which precipitated his resignation were commenced.

Claimant's application for unemployment insurance benefits was denied by the local office. After a short hearing, the Administrative Law Judge (hereinafter ALJ) found that claimant was an alcoholic and that his attendance problems were related to his alcoholism. The ALJ thus reversed the initial determination, concluding that the absences did not constitute misconduct since they were associated with an illness. The Unemployment Insurance Appeal Board adopted the findings of fact and decision of the ALJ. Monroe County appeals.

A claimant whose drinking of alcoholic beverages results in conduct for which he or she is terminated from employment can clearly be disqualified from receiving unemployment insurance benefits upon the ground that the termination was for misconduct (see, e.g., Matter of James [Levine], 34 NY2d 491; Matter of Baxter [Ross], 54 AD2d 1048). However, if the claimant is suffering from alcoholism, a recognized disease, a different result may be in order since the loss of employment because of actions attributable to an illness does not constitute misconduct (see, Matter of Francis [New York City Human Resources Admin.—Ross], 56 NY2d 600; Matter of Wrzesinski [Roberts], 133 AD2d 884, 885). A determination by the Board that an individual's alcohol problem excuses his or her otherwise disqualifying misconduct must include factual determinations, all supported by substantial evidence, that (1) the claimant is an alcoholic, (2) the claimant's alcoholism caused the behavior for which he or she was terminated, and (3) the claimant was available for and capable of employment (see, Matter of Francis [New York City Human Resources Admin.— Ross], supra, at 602; Matter of Grajales [New York Tel. Co.— Roberts], 88 AD2d 709; Matter of Gaiser [General Mills—Ross], 82 AD2d 629, appeal dismissed 55 NY2d 1039).

There is no medical evidence in the record with respect to the issue of whether claimant is an alcoholic. While medical evidence is not an absolute requirement (see, Matter of Francis [New York City Human Resources Admin.—Ross], supra), the record in the current case does not contain evidence of the outward behavioral and physiological indicia of alcoholism as in Francis. Claimant was referred to Park Ridge for help with

his perceived drinking problem.* However, we are not informed of the nature of that perceived problem nor are any documents or records from Park Ridge part of the record. The evidence of claimant's drinking history merely establishes that he commenced drinking when 18 or 19 years old and that on the day before the hearing he had consumed alcoholic beverages throughout the day, the latter fact not being relevant to the issue of whether he was an alcoholic at the time he was terminated from his job with Monroe County.

With respect to the causation issue, the following colloquy between the ALJ and claimant is relevant:

"Q. Were [your] attendance problems related to your drinking?

"A. Some of them was *[sic]*."

However, the record contains no evidence of any specific occurrences where claimant's drinking problem caused his absences. Indeed, the only specific absences discussed in the record were not caused by excessive drinking. Claimant's own testimony established that he was never intoxicated at work, came to work with a hangover only three times in five years and that virtually all his absences were on weekend days which he was scheduled to work.

Turning to the issue of whether there was sufficient evidence to establish that claimant was available for and capable of employment, the Board failed to make any findings with respect to this issue. While it may be that claimant was an alcoholic whose alcoholism caused his absenteeism and that he was nevertheless still available for and capable of employment, the record currently before this court does not satisfy all three of these elements. Accordingly, the matter must be remitted to the Board for further proceedings *(see, Matter of Grajales [New York Tel. Co.—Roberts], supra)*.

Decision withheld, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Yesawich, Jr., Levine, Harvey and Mercure, JJ., concur.

---

* We note that claimant's participation in the program at Park Ridge was made a condition of his employment and if Monroe County had terminated him for failing to comply with that condition, he could have been disqualified from receiving benefits for such noncompliance *(see, Matter of Restifo [Roberts]*, 88 AD2d 1045). However, Monroe County allowed claimant to return to work despite knowledge that he had failed to complete the program and later discharged him for absenteeism, not for his failure to stay in the Park Ridge program.