■ In the Matter of the Claim of JOHN H. LAWSON, Respondent. EASTMAN KODAK COMPANY, Appellant; THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Mahoney, P. J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 27, 1988, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant worked as a screw machine operator for Eastman Kodak Company and was frequently absent. After the number of absences had reached excessive proportions, claimant received an awareness warning dated March 3, 1987 and, thereafter, a final warning for excessive absenteeism and improper absence notification dated September 24, 1987. On May 6, 1988, claimant was scheduled to report for work at approximately 3:30 P.M., but at 1:00 P.M. claimant telephoned for his supervisor, as required by company rules. When the supervisor could not be located, claimant left a message that he would not work that day. Claimant later explained that his absence was because he had been out the preceding evening and had too much to drink. Claimant's employment was thereafter terminated for violating the final warning.

Claimant's application for unemployment insurance benefits was rejected on the ground that his termination was due to misconduct. Claimant sought a hearing, after which an Ad-

ministrative Law Judge (hereinafter ALJ), while noting that claimant failed to directly notify his supervisor as required, nevertheless concluded that this failure to strictly adhere to the terms of the final warning did not constitute disqualifying misconduct since claimant did make an attempt to contact his supervisor. The ALJ also concluded, despite his finding that claimant's reason for his final absence "was not acceptable to the employer and reasonably so", that one substantive episode of excessive drinking did not constitute misconduct. Accordingly, the ALJ held that claimant's employment ended under nondisqualifying conditions. The Unemployment Insurance Appeal Board affirmed. This appeal by the employer ensued.

We reverse. While an isolated instance of unexcused absence from employment may not constitute misconduct disqualifying an employee from receiving unemployment benefits *(Matter of Ramsey [Ross],* 63 AD2d 1061, 1062), absenteeism which results in discharge after warnings of consequences for recurrence has been held to constitute misconduct for purposes of disqualification for unemployment benefits *(Matter of Patterson [Levine],* 50 AD2d 703, *appeal dismissed* 38 NY2d 937). Here, the record is clear that despite the awareness warning and subsequent final warning, claimant voluntarily consumed alcohol to the extent that he was unable to work the following day, conduct which constitutes disqualifying misconduct *(see, Matter of Patterson [Levine], supra).* Furthermore, claimant's failure to contact his supervisor and advise him of his intended absence from work on that day is disqualifying misconduct *(see, Matter of Michelfelder [Ross],* 80 AD2d 969). As we stated in *Matter of Solanikow (Berliner & Marx— Ross)* (67 AD2d 793, 794), "The board has repeatedly held that under similar circumstances, a claimant should be denied unemployment benefits because he was discharged from his employment for misconduct." In the absence of an explanation for the different result, the Board's failure to adhere in this case to its decisions consistently holding conduct like claimant's to be disqualifying misconduct is arbitrary and capricious so that the decision must be set aside *(see, Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516).

Decision reversed, without costs, and objections to claimant's entitlement to benefits sustained. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.