■ In the Matter of the Claim of ROBERT L. ALLEN, Appellant. UNITED STATES DEPARTMENT OF THE INTERIOR, Respondent; THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Mahoney, P. J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 9, 1986, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was employed as a laborer for the United States Department of the Interior, National Park Service. His employment was terminated following various incidents in which claimant allegedly made threatening remarks to his superiors and others at his place of employment. There were further claims that claimant drank alcoholic beverages on the job contrary to his conditions of employment. Claimant initially was determined eligible for unemployment benefits because of alcoholism. The employer objected and a hearing, at which claimant did not appear, was held. An Administrative Law Judge (hereinafter ALJ) overruled the initial determination and concluded that claimant was disqualified from receiving benefits due to misconduct.

Claimant applied to reopen and a further hearing was held. Claimant appeared and testified at this hearing, along with his supervisor. Claimant acknowledged that he was an alcoholic and testified that he had undergone successful treatment

in the 1970s. He denied making any threats or drinking on the job. He made no claim that any alcoholism affected his behavior. Claimant's supervisor detailed the incidents of claimed misconduct. The ALJ granted reopening and sustained the employer's objection, finding that claimant's misconduct was responsible for his discharge. On administrative appeal, the Unemployment Insurance Appeal Board affirmed the ALJ finding that despite any alcoholism, claimant's behavior constituted misconduct. This appeal followed.*

Claimant contends that the finding of misconduct is not supported by substantial evidence and the failure to consider claimant's alcoholism is arbitrary and capricious. We disagree. Alcoholism can excuse disqualifying misconduct if there is substantial evidence to show that the claimant is an alcoholic, the alcoholism caused the behavior for which the claimant was terminated and the claimant was available for and capable of work *(see, e.g., Matter of Moore [County of Monroe— Hartnett],* 144 AD2d 123, 124). In this case, claimant never argued that any alcoholism caused the behavior at issue. Rather, claimant's defense to the charge of misconduct was simply to deny the alleged threatening conduct. These conflicting versions of the circumstances raised a factual issue for the Board which it resolved contrary to claimant's position. That claimant is an admitted alcoholic, even if recovered, does not foreclose the possibility of his committing disqualifying misconduct *(see, Matter of Gaiser [General Mills—Ross],* 82 AD2d 629, 630, *appeal dismissed* 55 NY2d 1039). On this record we conclude that the Board's determination that claimant is disqualified from receiving unemployment benefits due to misconduct is supported by substantial evidence and is not arbitrary and capricious.

Decision affirmed, without costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Levine, JJ., concur.

---

* While this appeal was pending, we affirmed resettlement of the record (154 AD2d 732).