■ In the Matter of the Claim of HIRAM L. SNELL, Respondent. GENERAL MOTORS CORPORATION, Appellant; JOHN F. HUDACS, as Commissioner of Labor, Respondent. [600 NYS2d 319] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 24, 1992, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant was initially discharged by the employer in 1986 and was subsequently rehired in June 1990 under a "last chance" agreement. The agreement required claimant to abstain from using drugs or alcohol and to submit to random urine and blood testing, and provided that positive test results

would result in his discharge. According to the employer's representative, claimant was rehired based on information pointing "to a long period of sobriety". Claimant testified that he was an alcoholic, that he had been in recovery for two to three years prior to being rehired and that he had not been drinking during that time.

On September 25, 1990, claimant appeared at his place of work smelling of alcohol, and a blood test confirmed the presence of alcohol in his system. As a result, claimant was fired. Claimant admitted that he had been drinking the night before but claimed that it was the first time he had consumed alcohol since he had been in recovery. Claimant also stated that he entered an inpatient detoxification facility on September 25, 1990 and stayed there until September 28, 1990. He further stated that he has not had a drink since the incident leading to his discharge and that he has continued to attend Alcoholics Anonymous meetings. The Unemployment Insurance Appeal Board found that claimant was an alcoholic and that he had a "slip", determined that this "slip" could not be characterized as misconduct and ruled that claimant was therefore entitled to receive unemployment insurance benefits.

We affirm. Alcoholism can excuse disqualifying misconduct if there is substantial evidence to show that an employee is an alcoholic, that the alcoholism caused the behavior leading to the employee's discharge and that the employee was available for and capable of work (see, Matter of Allen [United States Dept. of Interior—Hartnett], 162 AD2d 753, 754; Matter of Moore [County of Monroe—Hartnett], 144 AD2d 123, 124). Contrary to the employer's contention, even though there was no medical evidence presented on the issue of claimant's being an alcoholic, the evidence before the Board was sufficient to establish that he was suffering from that disease (see, Matter of Francis [New York City Human Resources Admin.—Ross], 56 NY2d 600, 602). In addition, the Board acted within its discretion in determining that claimant's discharge was the result of his illness rather than his own misconduct (see, supra). Finally, there is substantial evidence in the record to support the conclusion that claimant was available for and capable of employment (cf., Matter of Grajales [New York Tel. Co.—Roberts], 88 AD2d 709). The employer's remaining contentions have been considered and rejected as unpersuasive.

Mikoll, J. P., Mercure, Crew III and Mahoney, JJ., concur. Ordered that the decision is affirmed, without costs.