■ In the Matter of the Claim of MATTHEW C. MOULTON, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [603 NYS2d 240] —Mercure, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 23, 1992, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

We affirm. It is undisputed that claimant was hired as a driver/installer for a water conditioning service with the express understanding that he was to accumulate no further convictions on his operator's license. During the period of employment (but not during working hours), claimant was stopped by the police and arrested for driving while intoxicated. Claimant refused a breathalyzer test, resulting in an initial 15-day suspension and ultimate revocation of his operator's license. At the recommendation of its automobile insurance carrier, the employer terminated claimant's employment.

The doctrine of provoked discharge is limited to those circumstances where the employer had no choice but to discharge the employee and where the latter's acts were voluntary (see, Matter of James [Levine], 34 NY2d 491, 498). In view of claimant's inability to fulfill his job duties without a license, the employer's determination to discharge him was clearly involuntary. Further, even accepting the contention that claimant is an alcoholic, we perceive no causal connection between claimant's disease and his discharge (cf., Matter of Francis [New York City Human Resources Admin.—Ross], 56 NY2d 600). Although claimant's intoxication may have been involuntary (see, Matter of Wrzesinski [Roberts], 133 AD2d 884, 885), his operation of a motor vehicle and refusal of a breathalyzer test were voluntary acts. It was not claimant's alcoholism but his voluntary disregard of a legitimate condition of employment, the maintenance of an operator's license, which mandated his termination (see, Matter of Hannah [New York City Bd. of Educ.—Hartnett], 144 AD2d 765).

Weiss, P. J., Cardona, Mahoney and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.