■ In the Matter of the Claim of MARYBETH E. PLUCKHAN, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [667 NYS2d 79] —Mikoll, J. P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 7, 1996, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was employed as a customer service agent for the employer, a commercial airline company. She was terminated September 27, 1994 after coming into work some two hours late. The reason articulated by the employer for her discharge was repeated tardiness and absenteeism. Her claim for unemployment insurance benefits was denied for misconduct. The Unemployment Insurance Appeal Board, on its own motion, reopened the matter for reconsideration and adhered to its original decision. This appeal ensued.

The record discloses that the employer had a personnel policy of dealing with employee misconduct with progressive disciplinary levels. Claimant received counseling notices for her absenteeism and tardiness and was placed in an ascending level of notice in April 1993, April 1994 and July 1994. The employer's disciplinary letters to claimant stated that her problem with alcohol caused her tardiness and absenteeism. In the last letter before her discharge, she was advised that her misconduct had one common factor—alcohol—and that this was the final warning prior to termination. In conferences with her supervisors, claimant admitted to alcoholism and admitted that she needed treatment but that confinement in a rehabilitation program was foreclosed by her status as a single mother. She

was urged by the counselor to use a company abuse program. When asked as to the possible consequences to her if the diagnosis for alcoholism proved positive, the counselor was unable to respond and claimant, thereupon, declined to be evaluated.

Claimant testified that she has been medically diagnosed as an alcoholic by a physician of the Community Health Plan. The record contains this evaluation. Claimant's job termination aborted her continuance in the alcohol program at Community Health because she lost her insurance coverage. From the record it is evident that claimant's final termination was the culmination of absenteeism and lateness related to her alcoholism.

A claimant may be discharged for misconduct and denied unemployment benefits attributable to the use of alcoholic beverages. However, if a claimant is suffering from alcoholism, a recognized disease, a different result may be in order since loss of employment because of actions attributable to an illness does not constitute misconduct. A determination on this basis must be supported by substantial evidence. The record must establish that claimant is an alcoholic, that the alcoholism caused the misbehavior for which she was terminated and that claimant was available for and capable of employment (see, Matter of Francis [New York City Human Resources Admin.— Ross], 56 NY2d 600; Matter of Snell [General Motors Corp.— Hudacs], 195 AD2d 746, 747; Matter of Moore [County of Monroe—Hartnett], 144 AD2d 123).

Here, the record contains a medical diagnosis of claimant as an alcoholic, evidence of outward behavior indicating that her alcoholism was affecting her job performance, claimant's admissions to her supervisor of her problem, and her supervisors' opinions that her misbehavior was rooted in drinking. The evidence supports the conclusion that claimant was suffering from alcoholism. The Board, however, failed to address the issue of whether claimant was available and capable of employment despite her abuse problem. The matter should be remitted to the Board for further proceedings in conformity with this decision.

Mercure and Yesawich Jr., JJ., concur.

Casey, J. (dissenting). It is well settled that repeated failure to comply with an employer's attendance policy, as was the case herein, constitutes disqualifying misconduct (see, e.g., Matter of McCoy [Sweeney], 235 AD2d 879). As the majority correctly notes, however, alcoholism can constitute an excuse from what would otherwise be disqualifying misconduct if there is substantial evidence to show that the claimant is an

alcoholic, the alcoholism caused the behavior leading to the claimant's discharge and the claimant is available for and able to work (*see, Matter of Allen [United States Dept. of Interior—Hartnett]*, 162 AD2d 753, 754). We find claimant's failure to satisfy the second of these elements fatal to her claim for benefits and, therefore, respectfully dissent.

Although claimant may be an alcoholic, the evidence fails to support her contention that alcoholism specifically caused her multiple attendance violations, including her final incident of tardiness on September 26, 1994 which resulted in her termination. Rather, claimant's testimony indicates that on the day of her discharge she was two hours late because she did not realize that she was scheduled to work an earlier shift. Moreover, claimant never attempted to excuse her previous instances of tardiness and absences as the result of alcoholism. Inasmuch as the record is devoid of "any specific occurrences where claimant's drinking problem caused [her] absences" (*Matter of Moore [County of Monroe—Hartnett]*, 144 AD2d 123, 125) and claimant herself did not attribute her tardiness on her last day to this problem, we find that claimant's alcoholism cannot constitute an excuse for her disqualifying misconduct. Having so concluded, there is no reason to remit the matter to the Unemployment Insurance Appeal Board to address the issue of whether claimant was available for and capable of employment. We would, therefore, affirm the decision of the Board.

Crew III, J., concurs. Ordered that the decision is withheld, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.