■ In the Matter of the Claim of JAMES J. MORSE, Appellant. COMMISSIONER OF LABOR, Respondent. [678 NYS2d 156] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 21, 1997, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment as a part-time X-ray technician after he failed to return from his vacation or call the employer to explain his absence. Unbeknownst to the employer, claimant, who had an alcohol abuse problem, entered a two-week residential alcohol rehabilitation program during his scheduled vacation. After a week of participating in the program, claimant decided to extend his stay for an additional week (for a total of three weeks). Claimant, believing that "it would not be a problem", failed to inform the employer that he would not be returning to work as scheduled. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving benefits because his employment was terminated due to misconduct. We affirm.

Alcoholism may excuse disqualifying misconduct if there is

substantial evidence to demonstrate that an employee is an alcoholic, that the alcoholism caused the behavior leading to the employee's discharge and that the employee was available for and capable of work (*see, Matter of Snell [General Motors Corp.—Hudacs],* 195 AD2d 746, 747). Here, despite claimant "focusing on his rehabilitation", substantial evidence supports the Board's finding that it did not excuse his failure to call the employer. Moreover, the record indicates that claimant failed to call his employer until four days after being released from the rehabilitation program. Under these circumstances, we conclude that claimant's alcoholism did not specifically cause his misconduct (*see generally, Matter of Allen [United States Dept. of Interior—Hartnett],* 162 AD2d 753; *see also, Matter of Chapman [Hudacs],* 190 AD2d 941).

White, J. P., Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.