■ In the Matter of the Claim of MARYBETH E. PLUCKHAN, Appellant. COMMISSIONER OF LABOR, Respondent. [683 NYS2d 326] —Mikoll, J. P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 7, 1996, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

When this matter was originally before us (245 AD2d 997),

we considered claimant's argument that she was improperly disqualified from receiving unemployment benefits because the misconduct prompting her termination was caused by alcoholism. We noted that alcoholism may excuse what would otherwise be disqualifying misconduct if substantial evidence establishes that (1) claimant is an alcoholic, (2) the disease caused the misbehavior for which she was terminated, and (3) claimant was available for and capable of employment (*see, Matter of Francis [New York City Human Resources Admin.— Ross]*, 56 NY2d 600; *Matter of Snell [General Motors Corp.— Hudacs]*, 195 AD2d 746, 747; *Matter of Moore [County of Monroe—Hartnett]*, 144 AD2d 123). We found substantial evidence in the record establishing the first two elements but withheld decision and remitted to the Unemployment Insurance Appeal Board to determine whether claimant was available for and capable of employment.

After conducting further proceedings, the Board has found that claimant was available for and capable of work during the period in question and concluded that she should not be held ineligible for benefits due to unavailability or incapability. As we are now satisfied that claimant has met the three criteria for excusing the disqualifying misconduct, the Board's decision holding claimant ineligible for unemployment benefits is not supported by substantial evidence and must be reversed.

Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.