■ In the Matter of the Claim of THERESA L. CREMEENS, Appellant. COMMISSIONER OF LABOR, Respondent. [728 NYS2d 847] —Mercure, J. P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 15, 2000, which ruled

---

that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

In our view, there is substantial evidence in the record to support the Unemployment Insurance Appeal Board's determination that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct. The record developed at a hearing before an Administrative Law Judge established that the employer requested that claimant, a certified nursing assistant, submit to a blood test after it was reported that her supervisors suspected that she smelled of alcohol when she arrived at work on a Monday. Claimant refused to submit to the test and was sent home; the following day she was informed that her employment had been terminated for misconduct. Claimant's application for unemployment insurance benefits was denied upon an initial determination, subsequently upheld by an Administrative Law Judge and the Board, that she lost her employment through misconduct.

Claimant now challenges the Board's decision upon the ground that her behavior in refusing the blood test was precipitated by her alcoholism and should not disqualify her from receiving unemployment insurance benefits. We disagree. It is settled law that a claimant's alcoholism can excuse conduct that would otherwise constitute disqualifying misconduct upon a finding, supported by substantial evidence in the record, that (1) the claimant is an alcoholic, (2) the alcoholism caused the behavior leading to the claimant's discharge, and (3) the claimant is available for and able to work (*see, Matter of Pluckhan [Commissioner of Labor]*, 256 AD2d 1024, 1025). Here, the Board found that it was not claimant's alcoholism that caused her to refuse to take the blood test but, rather, her fear of losing her job that prompted her refusal. Inasmuch as the record provides competent evidentiary support for that determination, our inquiry is at an end.

Although claimant may be an alcoholic—a fact that was apparently unknown to the employer—the evidence fails to support the contention that her alcoholism caused her to refuse the blood test that the employer requested on July 12, 1999. To the contrary, we are unable to perceive any causal connection between claimant's disease and her discharge (*cf., Matter of Francis [New York City Human Resources Admin.—Ross]*, 56 NY2d 600) and are unpersuaded by claimant's attempt to characterize her conscious effort at concealing her intoxication as an unavoidable consequence of her alcoholism. Although

claimant's intoxication may have been involuntary (*see, Matter of Wrzesinski [Roberts]*, 133 AD2d 884, 885), her refusal of a blood test was a volitional act.

As a final matter, we are unpersuaded by claimant's reliance upon *Matter of Snell (General Motors Corp.—Hudacs)* (195 AD2d 746). Unlike the situation in *Snell*, where the employer was aware that the employee was an alcoholic and in fact entered into a "last chance" agreement with the employee, in this case claimant had worked for the employer for only 90 days and had not disclosed that she was a recovering alcoholic (*cf., Matter of Snell [General Motors Corp.—Hudacs], supra*). Moreover, in *Snell*, there was substantial evidence for the Board's determination that the claimant's "slip," which was confirmed by a blood test, could not be characterized as misconduct (*id.*, at 747).

Peters, Mugglin and Lahtinen, JJ., concur.

Rose, J. (dissenting). Because the record, in my view, fails to support the determination of the Unemployment Insurance Appeal Board and instead demonstrates a clear causal connection between claimant's alcoholism and her refusal to take the blood test, I respectfully dissent.

Notably, the Board adopted the following conclusions of the Administrative Law Judge: "The credible evidence establishes that the claimant was aware that, if she refused to submit to a drug test, she would be fired. She refused to take the test because she knew that due to the large quantity of alcohol she had consumed over the weekend, her test results would be positive and likely result in her termination. * * * [I]t is not her alcoholism that caused her to refuse to take the test, but rather, it was her fear of losing her job that prompted her refusal." As claimant had reason to fear for loss of her job regardless of whether she took or refused the blood test, the record does not establish that such fear caused her refusal. Her decision to refuse and definitely lose her job, rather than "likely" lose it by taking the blood test, can only be said to have been either irrational or the result of her fear that her alcoholism would be discovered. In either case, claimant's alcoholism was the underlying cause of both her fear and her refusal.

Nor do I agree that the provoked discharge doctrine should be invoked here, as the Board did not find that claimant's voluntary act caused the loss of a qualification of employment necessary to fulfill her job duties (*see, Matter of Killorin [Sweeney]*, 232 AD2d 696 [driver's license]; *Matter of Hannah [New York City Bd. of Educ.—Hartnett]*, 144 AD2d 765 [educational credits]; *see also, Matter of Moulton [Hudacs]*, 198 AD2d 595 [driver's license]).

As claimant's misconduct was the result of her alcoholism, the Board's decision is not supported by substantial evidence (*see, Matter of Grajales [New York State Tel. Co.—Roberts]*, 88 AD2d 709), and I would reverse the Board's decision and remit the matter for further proceedings. Ordered that the decision is affirmed, without costs.