In the Matter of the Claim of JAMES FINN, Appellant. COMMISSIONER OF LABOR, Respondent. [761 NYS2d 413] —Appeal

from a decision of the Unemployment Insurance Appeal Board, filed December 12, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

In August 2001, claimant was discharged from his employment as a quality control clerk after he failed to call the employer to explain a three-day absence. In January 2002, claimant was rehired. Claimant was discharged in February 2002 for again failing to call the employer with regard to a three-day absence. The Unemployment Insurance Appeal Board denied claimant's application for unemployment insurance benefits finding that claimant lost his employment due to disqualifying misconduct.

The Board determined, and the record supports, that claimant was an alcoholic and his absences were due to his intoxication. Although the Board determined that claimant's actions were attributable to his illness, it nevertheless concluded that "failure to report an absence due to illness is misconduct," especially where claimant was aware that his job could be in jeopardy. Where a claimant is suffering from alcoholism, a recognized disease, loss of employment due to actions attributable to such illness does not constitute disqualifying misconduct (*see Matter of Pluckhan [Sweeney]*, 245 AD2d 997 [1997]). To that end, "alcoholism may excuse what would otherwise be disqualifying misconduct if substantial evidence establishes that (1) claimant is an alcoholic, (2) the disease caused the misbehavior for which [he] was terminated, and (3) claimant was available for and capable of employment" (*Matter of Pluckhan [Commissioner of Labor]*, 256 AD2d 1024, 1025 [1998]). Although the Board recognized claimant's alcohol problem and that such illness caused the misbehavior for which he was terminated, the Board nevertheless failed to consider the issue of whether claimant was available or capable of employment. Consequently, the matter must be remitted to the Board for a determination of this issue (*see Matter of Francis [New York City Human Resources Admin.—Ross]*, 56 NY2d 600 [1982]; *Matter of Pluckhan [Sweeney], supra*).

Cardona, P.J., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is withheld, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.