■ In the Matter of the Claim of GWENDOLYN GRAHAM, Appellant. COMMISSIONER OF LABOR, Respondent. [775 NYS2d 204]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 23, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

---

Claimant was discharged from her employment as a dietary aide for a hospital after engaging in a disruptive verbal exchange with a coworker which consisted of the use of sexually explicit and vulgar language. Claimant, who had received a prior suspension for insubordination, ignored three warnings from the supervisor to stop. Although claimant admits to being an alcoholic and claimed to be under the influence of alcohol at the time of the altercation, the Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits on the ground that she engaged in disqualifying misconduct.

We affirm. It is well settled that alcoholism can, under some circumstances, excuse what otherwise would be considered disqualifying misconduct (*see Matter Francis [New York City Human Resources Admin.—Ross]*, 56 NY2d 600, 602 [1982]; *Matter of Finn [Commissioner of Labor]*, 307 AD2d 509, 510 [2003]). Here, however, claimant testified that she and the coworker involved were "picking on each other, like we always do" and, even after being warned to stop, she and the coworker continued like they "always have been doing for years [and] kept on . . . at each other." Under these circumstances, substantial evidence supports the Board's finding that claimant's conduct "was a habitual form of communication between [claimant] and the coworker" and her dismissal was not caused by her alcoholism but resulted from her insubordination (*see Matter of Cremeens [Commissioner of Labor]*, 286 AD2d 537 [2001]).

Cardona, P.J., Mercure, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.