THIRD DEPARTMENT, OCTOBER, 2004

(October 7, 2004)

■ In the Matter of the Claim of JAMES FINN, Appellant. COM-
MISSIONER OF LABOR, Respondent. [782 NYS2d 300]—

Appeal from a decision of the Unemployment Insurance Ap-
peal Board, filed December 12, 2002, as amended by decision
filed June 1, 2004, which, inter alia, ruled that claimant was
disqualified from receiving unemployment insurance benefits
because his employment was terminated due to misconduct.

In August 2001, claimant was discharged from his employ-
ment after he failed to report for work or call the employer for
three consecutive days. In our prior review of this matter (307
AD2d 509 [2003]), we considered claimant's contention that he
was improperly disqualified from receiving unemployment in-
surance benefits because the misconduct which precipitated his
termination was caused by alcoholism. Recognizing that
" 'alcoholism may excuse what would otherwise be disqualifying
misconduct if substantial evidence establishes that (1) claimant
is an alcoholic, (2) the disease caused the misbehavior for which
[he] was terminated, and (3) claimant was available for and cap-
able of employment' " (id. at 510, quoting Matter of Pluckhan
[Commissioner of Labor], 256 AD2d 1024, 1025 [1998]), we
remitted this matter for a determination of whether claimant
was available or capable of employment.

After further proceedings, the Unemployment Insurance Ap-
peal Board reopened and reconsidered its December 12, 2002
decision which had sustained an October 4, 2002 determination
of an Administrative Law Judge disqualifying claimant from
receiving benefits, effective February 22, 2002, on the ground
that claimant had lost his employment through misconduct. By
decision filed June 1, 2004, the Board found that while claimant
was not able to work from March 29, 2002 through September
12, 2002 due to his enrollment in two inpatient alcohol rehabil-
itation treatment programs which prohibited him from leaving

the hospital, he was released for work effective September 12, 2002.* It therefore rescinded its December 12, 2002 decision and modified the findings of the Administrative Law Judge only to the extent of shortening the ineligibility period from March 25, 2002 through September 12, 2002.

Upon our review, we find such determination to be fully supported by the record. During the time that claimant was in inpatient treatment, his illness rendered him wholly unavailable for and incapable of employment (see Matter of Pluckhan [Commissioner of Labor], supra at 1025; Matter of Moore [County of Monroe—Hartnett], 144 AD2d 123, 124 [1988]).

Substantial evidence also supports the Board's finding that, although claimant was an alcoholic at the time of his termination in February 2002, such alcoholism did not specifically cause him to fail to notify the employer prior to his absence. Claimant testified that he knew that three absences without prior notification could result in his termination, having already experienced the ramifications of this rule in August 2001 when he was terminated by the same employer for the same infraction. Thus, although the disease of alcoholism may excuse claimant's absences, substantial evidence supports the decision that it was claimant's misconduct in failing to notify the employer, rather than his alcoholism, that caused his termination (see Matter of Morse [Commissioner of Labor], 253 AD2d 967, 968 [1998]; Matter of Allen [United States Dept. of Interior—Hartnett], 162 AD2d 753, 754 [1990]; Matter of Lawson [Eastman Kodak Co.— Hartnett], 151 AD2d 868, 869 [1989]; see also Matter of Graham [Commissioner of Labor], 305 AD2d 922, 922 [2003]). Accordingly, the decisions are affirmed.

Cardona, P.J., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decisions are affirmed, without costs.

---

* The Board incorrectly stated that these events occurred in 2003.