■ In the Matter of the Claim of MICHELLE A. WILLIAMS, Appellant. COMMISSIONER OF LABOR, Respondent. [798 NYS2d 546]—

---

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 8, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

In February 2002, claimant was hired as a teacher's aide by a school district to work with special needs students at a high school. Pursuant to New York law, her employment was conditioned upon a satisfactory criminal background check. In April 2003, the district was advised by the Department of Education that claimant's criminal background check was unsatisfactory and she was denied clearance. Based upon the Department's denial, the district was compelled to terminate claimant's employment. Claimant ultimately admitted that in July 2001 she was arrested on criminal charges that were still pending at the time clearance was denied. After various proceedings, the Unemployment Insurance Appeal Board disqualified her from receiving unemployment insurance benefits on the ground that she voluntarily engaged in the conduct which led to the denial of clearance and, thus, provoked her discharge. Consequently, she was found to have voluntarily left her employment without good cause. Claimant appeals.

"The doctrine of provoked discharge is limited to those circumstances where the employer had no choice but to discharge the employee . . . where the latter's acts were voluntary" (*Matter of Moulton [Hudacs]*, 198 AD2d 595, 595 [1993] [citations omitted]). Here, the district was legally obligated to terminate claimant's employment after she was denied clearance due to an unsatisfactory criminal background check. Inasmuch as it appears that claimant did not challenge the denial and voluntarily engaged in the actions that resulted in the filing of criminal charges, substantial evidence supports the Board's finding that she provoked her discharge and thereby voluntarily left her employment without good cause (*see Matter of Toussaint [Commissioner of Labor]*, 17 AD3d 761, 762 [2005]; *Matter of Walsh [Commissioner of Labor]*, 286 AD2d 798 [2001]). Consequently, we find no reason to disturb the Board's decision.

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.