■ In the Matter of the Claim of BERNARD J. McLAUGHLIN, Appellant. COMMISSIONER OF LABOR, Respondent. [817 NYS2d 764]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 1, 2005, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

On July 30, 2004, after he spent many hours drinking at a bar, claimant called his employer before his 4:00 P.M. shift to advise that he would not be coming to work. Claimant had a history of drug and alcohol dependency for which he had previously been treated and had received prior warnings from his employer, including a 30-day suspension for absenteeism and tardiness related to these problems. He was discharged following the July 30, 2004 incident because he accumulated four demerits due to his violation of the employer's attendance policy. He was disqualified from receiving unemployment insurance benefits, a determination that was sustained by the Unemployment Insurance Appeal Board on the ground that his employment was terminated due to misconduct. The Board adhered to its decision upon reconsideration and this appeal by claimant ensued.

Initially, we recognize that alcoholism—a recognized disease— "may excuse what would otherwise be disqualifying misconduct if substantial evidence establishes that (1) claimant is an alcoholic, (2) the disease caused the misbehavior for which [he or] she was terminated, and (3) claimant was available for and capable of employment" (*Matter of Pluckhan [Commissioner of Labor]*, 256 AD2d 1024, 1025 [1998]; *see Matter of Snell [General Motors Corp.—Hudacs]*, 195 AD2d 746, 747 [1993]). Here, the record contains evidence that claimant is an alcoholic and the Board made an uncontested finding that he was capable of working. While the Commissioner of Labor asserts that the cause of claimant's misconduct was his dependency on illegal drugs, claimant testified that he called into work sick because of the alcohol he had consumed and that he was so intoxicated he cannot remember if he ingested drugs on the date in question. He further stated that while he often used drugs after he had been drinking, his abuse of alcohol was the primary reason for his drug use. Given the absence of any proof that illegal drug use, independent of his alcoholism, caused the behavior resulting in his discharge, we find that the Board's finding of misconduct is not adequately supported on the record (*see Matter of Pluckhan [Commissioner of Labor], supra* at 1025).

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur.

Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.