■ In the Matter of the Claim of THOMAS H. MCCARTHY, Respondent. GRUNBLATT PSYCHOLOGY AND COUNSELING OFFICES, P.C., Appellant; COMMISSIONER OF LABOR, Respondent. [54 NYS3d 763]—

Devine, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 25, 2015, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant worked for the employer, a private psychology practice, until November 21, 2014, when he was the office manager. Claimant, a diagnosed alcoholic since approximately 2005, relapsed in August 2014 and drank alcohol daily afterwards, including at work, and reported to work on occasion in an intoxicated condition. According to claimant, the employer warned him that if he continued to drink, he would be discharged. Following an incident wherein claimant blacked out while driving and was charged with driving while intoxicated, he entered detoxification and then rehabilitation. Claimant spoke with the president, who advised him that they would speak again in six months and evaluate the situation. Claimant did not return to work and his subsequent application for

unemployment insurance benefits was granted on the ground that he had been discharged for being intoxicated at work, which was attributable to his alcoholism and did not constitute disqualifying misconduct. The employer appealed and, following a hearing, the Unemployment Insurance Appeal Board upheld the initial determination. This appeal by the employer ensued.

Alcoholism is a recognized disease that may excuse what is otherwise "disqualifying misconduct if substantial evidence establishes that (1) claimant is an alcoholic, (2) the disease caused the misbehavior for which [he or] she was terminated, and (3) claimant was available for and capable of employment" (*Matter of McLaughlin [Commissioner of Labor]*, 31 AD3d 850, 851 [2006] [internal quotation marks and citation omitted]; *see Matter of Cremeens [Commissioner of Labor]*, 286 AD2d 537, 538 [2001]; *Matter of Snell [General Motors Corp.—Hudacs]*, 195 AD2d 746, 747 [1993]). Here, it was undisputed that claimant is an alcoholic who had relapsed, and that claimant's relapse caused the misbehavior, leading to his discharge. The Board further credited, as it was free to do, claimant's testimony that he took the president's statement that she would reevaluate the matter in six months to mean that he had been discharged and could get his job back if he remained sober (*see Matter of Kacperska-Nie [DePaula & Clark, Inc.—Commissioner of Labor]*, 144 AD3d 1303, 1305 [2016]). Inasmuch as the employer did not establish good cause for its failure to respond to the Department of Labor's request for information despite admittedly receiving it, and did not raise the issue of voluntary separation or job abandonment in its letter requesting a hearing, the Board did not err in failing to consider the employer's testimony on that issue (*see* 12 NYCRR 461.1 [b]; 461.4 [d]; *Matter of Diggle [Town of Babylon—Commissioner of Labor]*, 101 AD3d 1319, 1319 [2012]).

Nevertheless, despite the evidence that claimant was admitted to inpatient rehabilitation, the Board never considered the third prong of the analysis, that is, whether claimant was "available for and capable of employment" (*Matter of McLaughlin [Commissioner of Labor]*, 31 AD3d at 851 [internal quotation marks and citation omitted]; *see* Labor Law § 527; *Matter of Francis [New York City Human Resources Admin.—Ross]*, 56 NY2d 600, 602 [1982]; *Matter of Pluckhan [Sweeney]*, 245 AD2d 997, 998 [1997]). Accordingly, the matter must be remitted to the Board for a determination on this issue (*see Matter of Francis [New York City Human Resources Admin.—Ross]*, 56 NY2d at 602; *Matter of Finn [Commissioner of Labor]*, 307 AD2d 509, 510 [2003]).

Peters, P.J., Garry, Mulvey and Aarons, JJ., concur. Ordered that the decision is withheld, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.