Matter of McCarthy (Grunblatt Psychology & Counseling Offs., P.C.--Commissioner of Labor) (2018 NY Slip Op 03181)





Matter of McCarthy (Grunblatt Psychology & Counseling Offs., P.C.--Commissioner of Labor)


2018 NY Slip Op 03181


Decided on May 3, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 3, 2018

523396

[*1]In the Matter of the Claim of THOMAS H. McCARTHY, Respondent. GRUNBLATT PSYCHOLOGY AND COUNSELING OFFICES, P.C., Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: April 27, 2017

Before: Garry, P.J., Devine, Mulvey and Aarons, JJ.


Mark Grunblatt, Kingston, for appellant.
Michelle I. Rosien, Philmont, for Thomas H. McCarthy, respondent.
Eric T. Schneiderman, Attorney General, New York City (Marjorie S. Leff of counsel), for Commissioner of Labor, respondent.




MEMORANDUM AND ORDER
Devine
, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 25, 2015, as amended by decision filed March 6, 2018, which ruled that claimant was entitled to receive unemployment insurance benefits.
As detailed in our prior review (150 AD3d 1587 [2017]), claimant is an alcoholic who relapsed in 2014. He stopped
working for the employer after a November 2014 incident in which he blacked out and was charged with driving while intoxicated. He did not return to work, and his subsequent request for unemployment insurance benefits was granted. The employer appealed to this Court and, in our prior decision, we rejected most of its contentions. We did, however, observe that "[a]lcoholism is a recognized disease that may excuse what is otherwise 'disqualifying misconduct if substantial evidence establishes that (1) claimant is an alcoholic, (2) the disease caused the misbehavior for which [he or] she was terminated, and (3) claimant was available for and capable of employment'" (150 AD3d at 1588, quoting Matter of McLaughlin [Commissioner of Labor], 31 AD3d 850, 851 [2006] [internal quotation marks and citations omitted]). The first two prongs of this test were indisputably satisfied but, inasmuch as the Unemployment Insurance Appeal Board [*2]had not determined whether claimant was available for and capable of employment, we withheld decision and remitted for the Board to address that issue (150 AD3d at 1588).
Upon remittal, the Board reopened its decision and directed that a hearing be held. The Board thereafter issued a decision, filed March 6, 2018, relying upon the hearing evidence to find that claimant had successfully completed treatment and was doing well by the time that he had applied for unemployment insurance benefits in March 2015. He was thereafter available to work until a February 29, 2016 arrest on a driving while intoxicated charge. The Board accordingly rescinded its prior decision and modified the initial determination to hold that claimant was ineligible for benefits from February 29, 2016 onward.
The parties have not availed themselves of the opportunity to supplement their briefs in the wake of the Board's March 2018 decision. Upon our review, we find that decision to be supported by substantial evidence in the record (see Matter of Finn [Commissioner of Labor], 11 AD3d 717, 718 [2004]; Matter of Snell [General Motors Corp.—Hudacs], 195 AD2d 746, 747 [1993]). Thus, it is affirmed.
Garry, P.J., Mulvey and Aarons, JJ., concur.
ORDERED that the decision is affirmed, without costs.